66  233
6ap223

## THOMAS G. BIRDSALL, RESPONDENT, v. CHARLES E. KEYES, APPELLANT.

*Costs — appeal from a Justice's Court — offer of judgment — Code of Civil Procedure, secs. 3070 and 3071.*

The only effect, so far as costs are concerned, of section 3070 of the Code of Civil Procedure, relating to offers of judgment on appeals from Justice's Courts, is to entitle the party making the offer to costs, if the recovery in the appellate court is less favorable to his adversary than the offer.

When such offer of judgment is not as favorable to the adverse party as the recovery in the appellate court, the offer has no effect on the question of costs, and the successful party is entitled to his costs.

When the case on an appeal from a Justice's Court has become, under section 3071 of the Code of Civil Procedure, an action in the appellate court, the rights of the parties as to costs are governed by the provisions of law applicable to actions originally commenced in such appellate court.

Hence, where a plaintiff recovered judgment in a Justice's Court for seventy-seven dollars and costs, and the defendant appealed to the County Court and demanded a new trial, and before the justice filed his return the appellant served an offer to allow judgment for thirty dollars, which was not accepted, and no offer was made by the respondent, and on the trial in the County Court the respondent recovered a verdict for fifty-five dollars, being for a sum sufficient to carry costs if the action had been originally commenced in the County Court, it was

*Held,* that the respondent was entitled, under section 3071 of the Code of Civil Procedure, to the full bill of costs in such an action.

Appeal by the defendant Charles E. Keyes from an order of the County Court of Albany county, entered in the office of the clerk of Albany county on the 25th day of July, 1892, denying the defendant's motion to strike from the judgment entered against him in the action, on a retrial had on an appeal from a judgment rendered in the Justice's Court, the sum of fifty-seven dollars and thirty-one cents, the amount of the plaintiff's costs in the action as readjusted by the clerk of Albany county.

*George H. Stevens*, for the appellant.

*James C. Johnson*, for the respondent.

Mayham, P. J.:

The plaintiff recovered judgment in Justice's Court for seventy-seven dollars and costs, from which the defendant appealed to the County Court and demanded a new trial. Before the justice filed his return the appellant served on the respondent and his attorney an offer to allow judgment to be rendered in the appellate court for thirty dollars. This offer was not accepted, and no offer was made by the respondent. On the trial in the County Court the respondent recovered a verdict for fifty-five dollars, on which judgment was entered with fifty-seven dollars and thirty-one cents costs, amounting in all to the sum of $112.31. On a motion for readjustment of costs the appellant objected to the allowance of costs to the respondent, but the same were readjusted by the clerk at fifty-two dollars and thirty-one cents. The appellant then moved in County Court to strike out the costs allowed by the clerk and inserted in the judgment, which motion was denied, and from the order denying that motion the appellant appeals.

The determination of the question on this appeal must depend upon the construction to be given to the various provisions of the Code of Civil Procedure relating to the subject, as we have not been referred by the learned counsel in their briefs to any case precisely like the one at bar.

The sections of the Code which relate directly to the questions of costs on appeals in the County Court, where a retrial is asked for in that court, are 3070, 3071 and 3072.

Section 3070 provides that within fifteen days after service of notice of appeal, either party may make an offer in writing to allow

judgment to be taken in the appellate court for a specified sum, and if the same be not accepted, the party on whom the offer is served will be liable for costs to his adversary, unless the recovery is more favorable to him than the offer.

The only real effect of that offer is to entitle the party making it to costs, if the recovery is less favorable to his adversary than the offer. When the offer is not accepted, and is not as favorable to the adverse party as the result of the trial, the offer has no effect upon the question of costs.

If this were not so, then an offer, however insufficient or inadequate, if not accepted, would deprive the successful party of costs. No such result can fairly be deduced from this section. An insufficient offer, not accepted when the recovery exceeds the offer, leaves the case as if no offer had been made, and the successful party in that case is entitled to his costs.

But if there be doubt as to the true interpretation of section 3070, standing alone, when read and construed in connection with section 3071, the legislative intent on this subject seems quite apparent. The latter section provides that after the expiration of ten days from the time of filing the justice's return the action is deemed an action at issue in the appellate court, and all proceedings therein, including the entry of judgment, are the same as if the action had been commenced in the appellate court, except as otherwise specially provided.

When an appeal has reached the stage that it has become an issue in the appellate court to be tried and disposed of as an action originally commenced in that court, the rights of the parties upon the question of costs are governed by the provisions of law applicable to such original actions.

In this case the recovery in the County Court was for a sum sufficient to entitle the plaintiff to costs, if his action had been originally commenced in the County Court, and he is, therefore, entitled, under the provisions of section 3071, to the full bill of costs in such an action. We think the order of the County Court appealed from was correct and should be affirmed.

Order affirmed, with ten dollars costs and printing disbursements.

PUTNAM, J., concurred; HERRICK, J., concurred in result.

Order affirmed, with ten dollars costs and printing disbursements.